IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN L. BROWN,

    Petitioner,                      No. CIV S-06-2360 LKK DAD P

    vs.

R. CAMPBELL,                            <u>ORDER AND</u>

    Respondent.                 <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 30, 2006, the undersigned ordered respondent to serve a response to the petition. On January 3, 2007, respondent moved to dismiss on the ground that petitioner filed his petition beyond the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1) and (2). On March 13, 2007, petitioner filed a timely opposition to respondent's motion to dismiss. On April 18, 2007, respondent filed a reply.

**BACKGROUND**

        Petitioner challenges a judgment of conviction entered in the San Joaquin County Superior Court on January 13, 2003. Petitioner alleges that following a jury trial he was convicted of first degree murder and sentenced to 25 years to life. (Docs. Lodged by Resp't Jan. 3, 2007, Doc. 1.) The California Court of Appeal affirmed petitioner's conviction on April 19,

1

1  2004.  (Id., Doc. 2.)  The California Supreme Court denied his petition for review on July 14,
2  2004.  (Id., Doc. 4.)

3  Petitioner alleges four grounds for relief in his federal petition:  (1) the trial court
4  erred by denying his motion for a mistrial; (2) the evidence introduced at his trial was legally
5  insufficient to establish that the murder was premeditated; (3)  the evidence introduced at his trial
6  was insufficient evidence to sustain the murder conviction; and (4) ineffective assistance of both
7  trial and appellate counsel.

8  Petitioner filed three state collateral challenges to his judgment of conviction.  On
9  June 23, 2005, petitioner filed a petition for writ of habeas corpus in the San Joaquin County
10 Superior Court which was denied on the merits.  (Docs. Lodged by Resp't Jan. 3, 2007, Docs. 5
11 & 6.)  On September 21, 2005, petitioner filed a habeas petition in the California Court of Appeal
12 for the Third Appellate District.  (Id., Doc. 7.)  On October 6, 2005, the state appellate court
13 summarily denied the petition.  (Id., Doc. 8.)  Finally, on October 17, 2005, the petitioner filed a
14 petition for writ of habeas corpus in the California Supreme Court.  (Id., Doc. 9.)  On July 26,
15 2006, the state high court summarily denied that petition.  (Id., Doc. 10.)

16 **RESPONDENT'S MOTION TO DISMISS**

17 Respondent has filed a motion to dismiss on the grounds that the petition pending
18 before the court is time-barred.  In addition, respondent argues that the petition contains
19 unexhausted claims.  Respondent contends that the Antiterrorism and Effective Death Penalty
20 Act of 1996 (AEDPA) applies to petitioner's October 25, 2006 petition.  (Resp't's Mot. to
21 Dismiss at 3.)  Respondent argues that petitioner filed his federal petition for writ of habeas
22 corpus beyond the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1) & (2).
23 (Resp't's Mot. to Dismiss at 1.)  Accordingly, respondent contends that the court should dismiss
24 this action with prejudice.  (Resp't's Mot. to Dismiss at 8.)

25 On July 14, 2004, the California Supreme Court on appeal denied petitioner's
26 petition for review.  (Resp't's Mot. to Dismiss at 2; Lodged Doc. 4.)  Respondent contends that

petitioner's judgment of conviction became "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired 90 days later, on October 12, 2004. The one year statute of limitations period began running the following day, on October 13, 2004. Respondent contends that the last day for petitioner to file a federal habeas petition was on October 12, 2005, plus any time for tolling. (Resp't's Mot. to Dismiss at 3.)

Respondent acknowledges that proper filing of a state post-conviction application with respect to the challenged judgment of conviction tolls the one-year statute of limitations period. (Resp't's Mot. to Dismiss at 3.) Respondent argues that 236 days elapsed before petitioner filed his first petition for writ of habeas corpus with the San Joaquin County Superior Court.[1] (Resp't's Mot. to Dismiss at 3-4.) Respondent concedes that petitioner is entitled to tolling from the period of June 6, 2005,[2] the date the petitioner filed his first petition under the mailbox rule, through June 29, 2005, the date the Superior Court denied the petition. (Resp't's Mot. to Dismiss at 4; Lodged Docs. 5 & 6)

Nonetheless, respondent argues that petitioner is not entitled to tolling for the 81-day period between June 29, 2005, the date the San Joaquin County Superior Court denied the petition and September 19, 2005,[3] the date the petitioner filed his second petition under the mailbox rule with the California Court of Appeal. (Resp't's Mot. to Dismiss at 4; Lodged Docs. 6 & 7.) In this regard, respondent contends that the 81 days between the Superior Court's denial

---

[1] Respondent calculates that 236 days of the statute of limitations elapsed as follows: October 13-31 (19 days); November (30 days); December (31 days); January (31 days); February (28 days); March (31 days); April (30 days); May (31 days); and June 1-5 (5 days). (Resp't's Mot. to Dismiss at 6 n.4.)

[2] Respondent assumes without conceding that petitioner filed his San Joaquin County Superior Court petition on June 6, 2005, the date petitioner signed the petition. (Resp't's Mot. to Dismiss at 3-4 n.3.)

[3] Respondent submits that petitioner filed his petition with the California Court of Appeal on September 19, 2005. Although the second petition contains proof of service dated July 25, 2005, respondent contends that petitioner's outgoing legal mail log reflects that the petition was not mailed until September 19, 2005. (Resp't's Mot. to Dismiss at 4 n.5.)

3

of his petition and petitioner's filing of his next petition with the state appellate court constitutes unreasonable and unjustified delay on his part, thus denying him of the benefit of statutory tolling. (Resp't's Mot. to Dismiss at 5.)

Respondent concedes that petitioner is entitled to tolling from September 19, 2005, the date petitioner filed his second petition, through July 26, 2006, the date the California Supreme Court denied his petition. (Resp't's Mot. to Dismiss at 6; Lodged Docs. 7 & 10.)

Thus, according to respondent's calculation, 236 days expired before petitioner filed his first state habeas petition, and another 81 days elapsed between the San Joaquin County Superior Court's denial of his first petition and petitioner's filing of his second petition in the state appellate court. (Resp't's Mot. to Dismiss at 6.) It then took petitioner another 83 days after the denial of his third state habeas petition by the California Supreme Court to file his federal petition, dated October 18, 2006.[4] Because, under this calculation, a total of 400 days elapsed, respondent contends petitioner exceeded the one year period allowed under § 2244(d). (Resp'ts Mot. to Dismiss at 6.)

Finally, respondent argues that petitioner has failed to exhaust both his claim that the trial court erred by denying his motion for a mistrial and his claim that he received ineffective assistance of appellate counsel. (Resp't's Mot. to Dismiss at 7.) Respondent contends that the court is required to dismiss petitioner's federal petition without prejudice after first granting petitioner leave to file an amended petition deleting the unexhausted claims. (Resp't's Mot. to Dismiss at 7.) Respondent also argues that stay and abeyance would be inappropriate because petitioner has not shown the requisite good cause for failing to exhaust his claims in state court. Respondent concludes, however, that because the statute of limitations is a bar to further proceedings, it would be futile to dismiss without prejudice. (Resp't's Mot. to Dismiss at 7.)

/////

---

[4] Respondent assumes without conceding that petitioner filed his federal petition under the mailbox rule on October 18, 2006, the date petitioner signed it. (Resp't's Mot. to Dismiss at 6 n.7.)

4

## PETITIONER'S OPPOSITION

Petitioner argues that his petition is timely because the AEDPA statute of limitations is tolled from the time the petitioner files his initial state habeas petition through one complete round of state court review until the state Supreme Court rules on the petition.  In this regard, petitioner contends that he filed his first state habeas petition with the San Joaquin County Superior Court on June 23, 2005 and that the California Supreme Court denied his final state petition on July 26, 2006.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2.)  Petitioner contends that AEDPA tolled the statute of limitations during this entire time while his state petitions were "pending."  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 3.)

Petitioner also notes that each of the three state courts in which he sought post-conviction relief accepted his petitions.  Petitioner contends that, if a habeas corpus petitioner has engaged in unreasonable delay, California courts will almost always cite "lack of diligence" in denying relief.  Petitioner notes that none of the state courts denied his petition due to unreasonable delay.  In fact, petitioner contends that because less than 90 days elapsed between the time he filed his first and second habeas petitions, under California law his second petition was presumptively timely filed. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 3.)  Petitioner contends that because 81 days is not an unreasonable delay in pursuing relief, the entire time his state court petitions were pending should be tolled for purposes of the AEDPA statute of limitations.  Petitioner calculates that the time for filing his federal petition did not begin to run until August 26, 2006, the date the California Supreme Court's decision denying petitioner's habeas petition became final under the holding in Bunney v. Mitchell, 262 F.3d 973 (9th Cir. 2001) (under the state rule in effect in 2003 an order by the California Supreme Court denying habeas relief does not become final for 30 days).

Finally, petitioner concedes that he failed to exhaust the two claims identified by respondent as unexhausted.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 3.)  Petitioner requests leave to amend his petition "accordingly." (Id. at 5.)

5

**RESPONDENT'S REPLY**

In reply, respondent reiterates the position that petitioner's 81-day delay between the San Joaquin County Superior Court's denial of his first state petition and the filing of his petition with the state appellate court was unreasonable. (Resp't's Reply at 2.) Respondent argues that where, as here, there is no express timeliness finding by the state courts, the federal court is to determine whether the prisoner's filing was made within what California courts would consider a reasonable time. (Resp't's Reply at 3.)

Respondent contends that, in California, a petitioner must file a habeas petition within a reasonable time after he knew, or with diligence should have known, the underlying facts and legal basis of the claim. Respondent argues that for two reasons, California courts have failed to address what a "reasonable time" is in the context of seeking further review following denial of a habeas petition. First, California appellate courts have original jurisdiction to entertain state habeas petitions and are not reviewing a lower court's judgment. As a result, they need not evaluate whether a prisoner was timely in proceeding from the lower court to the appellate court. Second, according to respondent, most untimely petitions are summarily denied by California appellate courts. Respondent states that the few published California cases addressing timeliness arise in the capital case context and discuss only a prisoner's timeliness in filing an <u>initial</u> state habeas petition. (Resp't's Reply at 4.)

Respondent next argues that when California law quantifies the concept of reasonableness, it contemplates parties will seek review in 60 days or less. (Resp't's Reply at 5-6.) For example, respondent argues, defendants have 60 days to file a notice of appeal from a superior court judgment, the People may seek review of a superior court's order granting habeas relief by filing a notice of appeal within 60 days and parties have only ten days to seek review of most Court of Appeal decisions in the California Supreme Court. (Resp't's Reply at 6.)

Respondent also suggests that the United States Supreme Court has made it clear that any application of California law regarding timeliness must not result in a significant

deviation from the statutory tolling permitted under the law of other states, such as periods of "30 or 45 days," "30 or 60 days," or "30 to 60 days." (Resp't's Reply at 6-7.)

Respondent contends that timeliness in this case must be decided on the facts and justification presented by petitioner to the California Court of Appeal since federal courts must examine the delay in each case and decide whether the California courts would have found the petition to be timely had they chosen to address the issue. In this regard, respondent states that question 15 of the state judicial council form petition asks petitioners to "[e]xplain any delay in the discovery of the claimed grounds for relief and in raising the claims in the petition," and that petitioner in response wrote only "[i]t was ineffective assistance of trial and appellate counsel." (Resp't's Reply at 8.)

Respondent also contends that nothing about the nature of state habeas corpus required petitioner to spend additional time in preparing his petition for the next level of review. In this vein, respondent argues that the pro se prisoner need not re-format his claims and that at each level of review the state court requires use of the same form petition. Respondent asserts that the prisoner need not even argue why the lower court was wrong. Despite all of this, respondent argues, petitioner waited 81 days after the Superior Court's denial of relief before filing his habeas petition with the state appellate court. Because 81 days is longer than the time permitted by states with determinate timeliness rules, respondent contends that petitioner is not entitled to tolling for this gap period. (Resp't's Reply at 6.)

Finally, respondent points out that petitioner is not entitled to an additional 30 days tolling under the decision in <u>Bunney v. Mitchell</u>, 262 F.3d 973 (9th Cir. 2001). Respondent notes that Rule 29.4 of the California Rules of Court was amended after the decision in <u>Bunney</u> and prior to petitioner's case. (Resp't's Reply at 9.) The rule now provides that a California Supreme Court order denying a petition for writ of habeas corpus becomes final upon filing instead of 30 days thereafter. (<u>Id.</u>)

/////

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). This statute of limitations applies to all federal habeas petitions filed after the AEDPA was enacted. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). The pending petition falls in this category.

The judgment of conviction was entered in petitioner's underlying case on January 13, 2003. On appeal, the California Supreme Court denied review on July 14, 2004, and petitioner's judgment of conviction became final on October 12, 2004, upon expiration of the time for filing a petition for writ of certiorari in the United States Supreme Court. See Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir. 1999). Accordingly, the AEDPA statute of limitations began to run for petitioner on October 13, 2004. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.2001) It expired one year later, on October 12, 2005, unless petitioner is entitled to the benefit of tolling.

The one-year AEDPA statute of limitations for filing a federal habeas petition is tolled while a petitioner exhausts state remedies. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

/////

In reviewing habeas petitions from California, the Ninth Circuit formerly employed a rule that where California courts did not explicitly dismiss a habeas petition for lack of timeliness, the petition was presumed timely. In Evans v. Chavis, 546 U.S. 189, 126 S. Ct. 846 (2006), the Supreme Court rejected this approach and required the federal court to determine whether a state habeas petition was filed within what California would consider a reasonable period of time. 546 U.S. at ___, 126 S. Ct. at 852. When a state postconviction petition is determined to be untimely by a state court, that is the end of the matter for purposes of § 2244(d)(2). Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408 [, 414], 125 S. Ct. 1807, 1812 (2005)). See also Carey, 536 U.S. at 226.

Here, the parties do not dispute that, under the mailbox rule, petitioner filed his first state collateral challenge to his conviction on June 6, 2005. Absent tolling, the AEDPA statute of limitations had run for 236 days at that time. Subsequently, petitioner filed two more state habeas petitions.[5] The California Court of Appeal and the California Supreme Court summarily denied those petitions. Thus, each of these denials was an unexplained order, i.e., "an order whose text or accompanying opinion does not disclose the reason for the judgment." Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991). When confronted with a state court's unexplained order, the federal court applies the following presumption: "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." Id. at 803. See also Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). In applying the look-through presumption, unexplained orders are given no effect. Ylst v. Nunnemaker, 501 U.S. at 804.

The San Joaquin County Superior Court issued an order, rejecting petitioner's habeas claims. This court has "looked through" the California Supreme Court and the California

---

[5] Respondent does not argue that petitioner's state habeas petitions were improperly filed. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (a properly filed state application complies with the applicable laws and rules governing filings).

1  Court of Appeal's unexplained orders to the Superior Court's order to determine whether the
2  state courts found the initial petition to be untimely as a matter of state law.  On June 29, 2005,
3  the Superior Court rejected petitioner's claims that he was denied effective assistance of counsel
4  in that his counsel failed to interview and subpoena three witnesses and failed to subpoena
5  certain phone records.  Thus, the Superior Court did not find the first petition to be untimely
6  under state law.  Rather, in denying that petition the court addressed the merits, explaining:

> With respect to the failure to interview witnesses, the motion for a new trial filed by defense counsel reveals that the witnesses were, in fact, interviewed.  They provided no helpful information and only changed their stories after petitioner was convicted.  With respect to the phone records, petitioner has presented no evidence whatsoever to indicate that the records would have contained any helpful information, let alone resulted in a different outcome at trial.  There is therefore no evidence that counsel's performance was insufficient for failing to subpoena these witnesses or records at trial.  Petitioner has therefore failed to set forth a prima facie case of ineffective assistance of counsel on this ground.
>
> Petitioner's claim of insufficiency of the evidence could have been raised on appeal and is therefore not cognizable on habeas corpus.

15  (Docs. Lodged by Resp't Jan. 3, 2007, Doc. 6.)
16        In the absence of a clear indication that petitioner's state habeas petitions were
17  denied as untimely, this court is now charged with the duty of independently determining
18  whether petitioner filed his petitions within what California would consider a reasonable time.[6]

---

[6] In what can fairly be characterized as a profound understatement, the Supreme Court recognized that "[g]iven the uncertain scope of California's 'reasonable time' standard, it may not be easy for the [lower federal courts] to decide in each such case whether the petitioner's state-court review petition was timely."  546 U.S. at ___, 126 S. Ct. at 852.  In Bonner v. Carey the Ninth Circuit noted that it was ironic that the complicated procedure necessitated under the Supreme Court's decision in Pace v. DiGuglielmo, 544 U.S. 408 (2005) derives from the AEDPA, a statute purportedly designed to streamline and simplify the complicated habeas process.  425 F.3d 1145, 1149 n.20 (9th Cir. 2005).  As this court has noted before, the same observation is applicable to the case-by-case analysis that federal courts in California must now engage in under Evans v. Chavis to determine whether state habeas petitions were filed within what California courts would have deemed to be a "reasonable time" had they elected to consider the issue.  See Thomas v. Scribner, 2006 WL 2711667, *6, n. 14 (E.D. Cal. Sept. 21, 2006).  All the while it becomes more and more clear that the most simple and streamlined procedure to address the vast majority of federal habeas petitions would be to address the merits.  Indeed, in the undersigned's experience, that is in fact what

Chavis, 546 U.S. at ___, 126 S. Ct. at 852.[7]  The Supreme Court's acknowledgment that such a determination may be difficult (Evans, 126 S. Ct. at 852) is well supported.  As the Ninth Circuit recently noted:

> California's timeliness rule bars habeas petitions that are filed after "substantial delay." A habeas petitioner in California must justify any "significant" or "substantial" delay in seeking habeas corpus relief. Clark, 21 Cal. Rptr. 2d 509, 855 P.2d at 738, 750-51. There are no standards for determining what period of time or factors constitute "substantial delay" in noncapital cases. There are also no standards for determining what factors justify any particular length of delay.
>
> ***
>
> Clark did nothing to clarify the application of the basic "substantial delay" standard with regard to noncapital cases.  Furthermore, the Clark exceptions, specifying when review can be granted despite "substantial delay," do nothing to clarify the "substantial delay" standard itself.

King v. LaMarque, 464 F.3d 963, 966 (9th Cir. 2006).

In light of these ambiguous standards with respect to timeliness under California law, inconsistent application among California courts is not surprising.  Id.  Thus, in an earlier Ninth Circuit decision it was observed:

> For example, Morales asserts that at the time his case was litigated in the district court, the California Supreme Court had denied 35 habeas petitions filed three years or more after affirmance on direct appeal, and more than half of those denials had not been on grounds of untimeliness. Only 6 cases had been denied on untimeliness alone.  The State does not dispute these figures[.]
>
> ***

/////

---

the California Court of Appeals and California Supreme Court elect to do in resolving the vast majority of state habeas petitions which come before those courts.  Respondent concedes as much in the motion before the court.

[7] Here, if petitioner filed his second petition within a reasonable time, then the statute of limitations under § 2242(d)(2) was tolled continuously from the date petitioner filed his first state habeas petition through the date the California Supreme Court denied petitioner's third state habeas petition, rendering petitioner's federal habeas petition timely.

11

> It is theoretically possible, we suppose, to reconcile and explain all of the California Supreme Court decisions entertaining on the merits or rejecting as untimely petitions that are three or more years old.  Those divergent decisions may indeed represent consistent exercises of discretion rather than random applications of or exceptions to the timeliness rule. But we have no way of knowing whether that is the case. The California Supreme Court's denials of habeas petitions that Morales relies upon were accomplished by brief minute entries in what has been described as "post-card denial." We can discern no apparent relationship between the time of delay and the findings concerning timeliness. Nor could Morales be expected to do so.

Morales v. Calderon, 85 F.3d 1387, 1391-92 (9th Cir. 1996). See also King, 464 F.3d at 966.

In considering whether California courts would have found the habeas petition at issue in this case untimely had they elected to consider the issue, it is also important to note that petitioner's case is not a capital case.  As respondent notes, California has been most concerned with the timeliness of habeas petitions in capital cases, providing a presumptive time period for timeliness applicable only to such cases. See Chavis, 546 U.S. at ___, 126 S. Ct. at 855 (Stevens, J., concurring) (quoting Cal. Rules of Court Policy Statement 3, std. 1-1.1 (Deering 2005) ("A petition for a writ of habeas corpus [in a capital case] will be presumed to be filed without substantial delay if it is filed within 180 days after the final due date for the filing of appellant's reply brief on the direct appeal . . . .")). However, "California's time limit for the filing of a habeas corpus petition in a noncapital case is more forgiving and more flexible than that employed by most states." Chavis, 546 U.S.at ___, 126 S. Ct. at 855 (Stevens, J., concurring).

The undersigned recognizes that the United States Supreme Court found in Chavis an unexplained six-month gap between the filing of habeas petitions in California courts was unreasonable and therefore untimely, presumably, as a matter of California law. 546 U.S. at ___, 126 S. Ct. at 854.  That conclusion was based, at least in part, on the notion that six months is longer than the thirty to sixty days allowed by most states for the filing of an appeal to their state supreme courts and longer than the ten days California provides for the filing of a notice of

appeal. Id. However, in attempting to predict what California courts would find reasonable, time limits for the filing of notices of appeal under state law have little application. More important to resolution of the pending motion to dismiss is the Supreme Court's holding in Saffold that the four and a half month delay between the denial of the petitioner's habeas petition by the California Court of Appeal and the filing of his habeas petition with the California Supreme Court was not necessarily unreasonable and therefore did not necessarily render the petition to the California Supreme Court untimely under California law for federal statute of limitations purposes. See Saffold, 536 U.S. at 226; see also Chavis, 546 U.S. at ___, 126 S. Ct. at 859 (Stevens, J., concurring).

Here, petitioner's first state habeas petition was denied on June 29, 2005. On September 21, 2005, petitioner submitted his second state habeas petition for filing with the California Court of Appeal. Respondent does not argue that the petition was improperly filed but contends that petitioner's unexplained and unjustified delay of 81 days cannot be considered reasonable under California law.[8] This court cannot conclude that the California courts, had they considered the issue, would have concluded that the second habeas petition filed with the state

---

[8] As noted above, respondent argues that in his petition to the state appellate court when asked to explain any delay in the discovery and presentation of his claims, petitioner stated that "it was innafective (sic) assistance of trial and appellate counsel." (Docs. Lodged by Resp't Jan. 3, 2007, Doc. 7.) Contrary to respondent's suggestion, this does provide an explanation for any delay in petitioner's discovery of the claims presented and at least his submission of them initially to the Superior Court. In practice, California courts routinely accept such explanations for delay in the presentation of habeas claims as reasonable. Moreover, it is important to recognize that in Chavis the Supreme Court was confronted with a three-year and one-month delay between the denial of a petition filed in the California Court of Appeal and the filing of a petition in the California Supreme Court. 546 U.S. at ___, 126 S. Ct. at 851. The Court considered Chavis' explanation that he could not use the prison law library to work on his petition during the three years because his prison job's hours coincided with those of the library or prison lockdowns confined him to his cell. Chavis conceded that he was given a new job about a year and a half after the California Court of Appeal denied his petition and did not dispute respondents' assertion that the new job's hours permitted him to use the library. He also conceded that the prison was relatively free of lockdowns for a six-month period. The Court viewed the disputed issues favorably to Chavis with regard to all but six months of his three-year and one-month delay. 546 U.S. at ___, 126 S. Ct. at 854. The Court concluded that the California Supreme Court would not consider an unexplained and therefore unjustified six-month filing delay "reasonable." Id.

appellate court was not filed within a "reasonable time" under the circumstances of this case. Cf. Evans, 126 S. Ct. at 853-83 (concluding that an unexplained and unjustified filing delay of six months is unreasonable); Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (concluding that unexplained delays of 18, 15, and 10 months between habeas filings are unreasonable and could not be subject to interval tolling).[9]

Having determined that any delay in pursuing state habeas relief in this case cannot be said to have been unreasonable under state law, the undersigned finds that petitioner is entitled to statutory tolling for the entire time his habeas petitions were pending in the state courts including the intervals discussed above. Statutory tolling renders the federal petition timely. Respondent's motion to dismiss should therefore be denied, and respondent should be directed to file an answer within thirty days of service of petitioner's amended petition.

**OTHER MATTERS**

In their motion to dismiss, respondent notes that Rich Subia is the current Acting Warden of Mule Creek State Prison, not Roseanne Campbell. Respondent requests that the court substitute Rich Subia as respondent in this action. Good cause appearing, the court will grant respondent's request.

/////

/////

---

[9] Not surprising in light of the uncertain scope of California's 'reasonable time' standard, no consensus has emerged among district courts in California as to the length of unexplained delay which is unreasonable in the wake of the decision in Chavis. See Osumi v. Giurbino, 445 F. Supp. 2d 1152, 1158-59 (C.D. Cal. 2006) (96 and 98-day intervals between decision and filing of the next petition not unreasonable); Stowers v. Evans, 2006 WL 829140, *2-3 (E.D. Cal. Mar. 29, 2006) (87-day interval between denial and subsequent filing not unreasonable); Lor v. Kramer, 2007 WL 1723300, *1 (E.D. Cal. June 13, 2007) (140-day interval found unreasonable but suggesting 88-day passage of time between denial and filing of next petition not unreasonable); Rodriguez v. Scribner, 2006 WL 3762117, *5 (E.D. Cal. Dec. 20, 2006) (tolling 60 days of a 235 day delay in proceeding between levels of state habeas review because "the California Supreme Court would no doubt have found [it] reasonable"); but see Forrister v. Woodford, 2007 WL 809991, *3 (E.D. Cal. Mar. 15, 2007); Culver v. Director of Corrections, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (71 and 97-day periods found unreasonable).

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent's request to substitute Rich Subia, Acting Warden of Mule Creek State Prison, for Roseanne Campbell, is granted; and

2. The Clerk is directed to amend the court's docket accordingly.

IT IS HEREBY RECOMMENDED that:

1. Respondent's January 3, 2007 motion to dismiss the petition as barred by the statute of limitations be denied;

2. Petitioner's request to file an amended petition reflecting only exhausted claims be granted; and

3. Respondent be directed to file an answer within thirty days of service of petitioner's amended petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 3, 2007.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brow2360.157