IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN L. BROWN,

    Petitioner,                    No. CIV S-06-2360 LKK DAD P

    vs.

RICH SUBIA, Acting Warden,

    Respondent.                <u>ORDER</u>

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus, challenging a judgment of conviction entered in the San Joaquin County Superior Court on January 13, 2003.

        On August 6, 2007, the undersigned issued findings and recommendations, recommending that respondent's motion to dismiss the petition as barred by the statute of limitations be denied and that petitioner's request to file an amended petition reflecting only exhausted claims be granted.

        Prior to the assigned district judge adopting the findings and recommendations, petitioner filed an application for an enlargement of time to file an amended petition, together with a request for a stay and abeyance. In his request for a stay and abeyance, petitioner explains that he wishes to return to the California Supreme Court to exhaust the following two additional

claims: (1) the trial court erred by denying his motion for a mistrial; and (2) he received ineffective assistance of appellate counsel. Subsequently, on October 23, 2007, petitioner filed a motion for clarification seeking the status of his application for an enlargement of time and his request for a stay and abeyance.

Petitioner's application for an enlargement of time to file an amended petition is moot. Before the court could address petitioner's application, petitioner timely filed an amended petition. In addition, respondent filed an answer to the amended petition. Accordingly, petitioner's application for an enlargement of time will be denied as moot.

Petitioner's request for a stay and abeyance is vague and conclusory and does not provide sufficient facts and information to satisfy the requirements of Rhines v. Weber, 544 U.S. 269 (2005). The United States Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. Rhines, 544 U.S. at 277. See also Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998). This discretion to issue a stay extends to mixed petitions. Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the unexhausted claims are plainly meritless. Id. Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

The court is unable to determine whether petitioner had good cause for failing to exhaust all of his claims before filing this action, whether petitioner's unexhausted claims are potentially meritorious, or whether petitioner has been diligent in pursuing his unexhausted claims.  See Taylor, 134 F.3d at 987 nn.8 & 11 (failure to make a showing of diligence in pursuing additional claims may foreclose a stay).  For these reasons, petitioner's request will be denied without prejudice to the filing of a new motion for a stay and abeyance.  In addition, petitioner's subsequent motion for clarification will be disregarded because the court has addressed petitioner's application for enlargement of time and his request for a stay and abeyance in this order.

The court will grant petitioner thirty days to file a new motion for a stay and abeyance.  The motion must (1) show good cause for petitioner's failure to exhaust all claims prior to filing this action, (2) demonstrate why each of petitioner's unexhausted claims is potentially meritorious, (3) describe the status of any state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted with diligence in pursuing additional claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's August 16, 2007 application for an enlargement of time to file an amended petition is denied as moot;

2. Petitioner August 16, 2007 request for a stay and abeyance is denied without prejudice;

3. Petitioner's October 23, 2007 motion for clarification is disregarded; and

4. Petitioner is granted thirty days from the service of this order in which to file and serve a renewed motion for a stay and abeyance addressing the issues set forth above.

DATED: November 28, 2007.

DAD:9
brow2360.sty

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE